UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILLIP EDWARD PAPE, ) | |
| ) | |
|     Plaintiff, ) | 3:10-CV-00214-LRH-RAM |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Defendant. ) | |

Presently before the court is defendant United States of America's motion to dismiss. Doc. #9.[1] Plaintiff Phillip Edward Pape filed an opposition, Doc. #12, to which the United States replied. Doc. #13.

**I. Factual Background**

This action involves a claim under the Federal Tort Claims Act ("FTCA") arising out of a series of alleged acts of medical malpractice by doctors and employees of the Veterans Administration Medical Center ("VAMC") in Reno, Nevada.

In late June 2006, Pape, an honorably discharged veteran and champion bodybuilder, was injured while unloading a ping-pong table from a truck. This hyperextension injury resulted in a complete rupture of Pape's left distal biceps tendon. Pape was initially diagnosed for his injury at

---

[1] Refers to the court's docket number.

1  Northern Nevada Medical Center, which referred Pape to an orthopedist, Dr. Kirk Kaiser.  Dr.
2  Kaiser recommended that Pape surgically repair his biceps and informed Pape that only a narrow
3  window of time, approximately two weeks, existed in which surgery could successfully treat the
4  injury.  That same day, Pape met with Dr. Nagiswara Gullapalli, an independent contractor for the
5  VAMC, who acknowledged Dr. Kaiser's two-week recommendation and, using the VAMC system,
6  ordered that Pape obtain an MRI and ordered the VAMC's Administrative Officer of the Day
7  ("AOD") to schedule a referral for Pape to a VAMC orthopedic surgeon within one week.

8  Despite Dr. Gullapalli's orders for prompt action to address Pape's injury, the AOD and the
9  VAMC failed to schedule Pape's referral to an orthopedic surgeon or to promptly schedule and
10 perform the MRI.  The MRI was not performed until July 19, nearly three weeks after Pape's
11 appointment with Dr. Gullapalli.  It was not until sometime after this date that Pape, after having
12 made repeated phone calls to the VAMC, was able to meet with Dr. Uchenna Dike, a VAMC
13 employee, about his MRI.  Dr. Dike, however, allegedly took no action to refer Pape to an
14 orthopedic surgeon.

15 Pape was not approved for surgery by the VAMC until July 27.  Further delays, which Pape
16 alleges were negligently caused by VAMC employees, resulted in the VAMC's failure to obtain
17 surgery for Pape until August 30.  By this time, Pape's proximal tendon had scarred and,
18 consequently, could not be reattached.  Thus, because of the two-month delay between Pape's
19 injury and his surgery, Pape's injury was unable to be corrected.

20 After exhausting his administrative remedies and filing an unsuccessful lawsuit against Dr.
21 Gullapalli, Pape filed the underlying complaint on April 14, 2010.  Doc. #1.  The United States
22 now moves to dismiss on the basis that Pape's complaint was filed without an accompanying
23 expert affidavit required by Nevada law.  Doc. #9.
24 ///
25 ///
26

## II. Discussion

The FTCA provides that a person may sue the United States in federal district court in actions involving personal injury torts caused by government employees acting within the scope of their employment when "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *accord* 28 U.S.C. § 2674 ("The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances . . . ."). Thus, in actions brought against the United States under the FTCA, the district court must look to and apply the law of the place where the negligent or wrongful acts occurred. *Richards v. United States*, 369 U.S. 1, 9 (1962). As Pape's injury and allegedly improper treatment occurred in Reno, Nevada law applies.

Nevada law provides that, when an action for medical malpractice is filed in a district court, "the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit supporting the allegations contained in the action, submitted by a medical expert." N.R.S. § 41A.071. A medical malpractice complaint filed without a supporting affidavit "is void *ab initio*" and must be dismissed without leave to amend. *Washoe Med. Ctr. v. Second Judicial Dist. Court of State of Nev. ex rel. County of Washoe*, 148 P.3d 790, 794 (Nev. 2006).

Pape argues that the expert affidavit requirement of N.R.S. § 41A.071 does not apply because his claim does not, in fact, arise under the chapter 41A medical malpractice statutes. Pape alleges, first, that if his claim against the United States *did* arise under chapter 41A, it would most properly be classified as a professional negligence claim rather than as a medical malpractice claim. Using an elaborate reading of three separate statutes within chapter 41A, Pape argues that the typical requirements of professional negligence claims not only do not apply to his particular claim, but, in fact, *cannot* apply to actions against federally-operated hospitals. Under N.R.S. § 41A.015, "professional negligence" is defined as a negligent act or omission to act by a "provider of health care," which, as relevant to the instant case, is defined under N.R.S. § 41A.017 to include "licensed

3

hospital[s] and [their] employees." Pape argues that, because N.R.S. § 449.070 exempts federally-operated hospitals such as the VAMC from Nevada's hospital licensing statutes, the VAMC is not a "licensed hospital" under N.R.S. § 41A.017 and, thus, is not subject to the professional negligence statute. Doc. #12, pp. 1-2. Thus, in Pape's view, because his cause of action cannot be brought under chapter 41A, it can only arise from ordinary state tort law, which is not subject to the expert affidavit requirement of § 41A.071 . *Id.*, p. 2.

Regardless of Pape's reading and interpretation of the scope of N.R.S. § 41A.015, however, the court finds that Pape's claim is properly classified as one for medical malpractice under N.R.S. § 41A.009, and that the expert affidavit requirement applies. Section 41A.009 defines "medical malpractice" as "the failure of a physician, hospital or employee of a hospital, in rendering services, to use the reasonable care, skill or knowledge ordinarily used under similar circumstances." This is precisely the type of behavior at issue in this case: Pape is suing the VAMC and its employees for their alleged failure to use reasonable care in scheduling treatment for his biceps injury. Further, unlike section 41A.015, section 41A.009 does not limit the definition of medical malpractice to "licensed" hospitals. Thus, there is no question that the expert affidavit requirement of section 41A.071 applies to Pape's medical malpractice claim. Pape cannot exempt himself from the limitations of chapter 41A merely by asserting that a medical malpractice claim should be treated as something else.

Furthermore, even if Pape's claim were more akin to a professional negligence claim under section 41A.015 and if Nevada law could be read to exempt such suits against the VAMC from the expert affidavit requirement, the requirement would still apply. The FTCA would preempt any such exemption because the United States has waived its sovereign immunity for personal injuries only to the extent that a private individual would be liable under similar circumstances. 28 U.S.C. §§ 1346(b)(1), 2674. In a case similar to Pape's, a claim against a private individual would be subject to the expert affidavit requirement whether it was brought as a professional negligence

4

claim or a medical malpractice claim.  *See Fierle v. Perez*, 219 P.3d 906, 912-13 (Nev. 2009).

For the foregoing reasons, the court finds that Pape's FTCA claim is subject to the expert affidavit requirement of N.R.S. § 41A.071.  Because Pape did not submit the required expert affidavit when he filed his complaint, his complaint is void *ab initio* and must be dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. #9) is GRANTED.  Plaintiff's complaint (Doc. #1) is hereby DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 22nd day of July, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE